# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK SLATTERY, as Special Administrator
of the Estate of DONNA LOUISE SLATTERY;
and MARK SLATTERY, representative heir at
law of DONNA LOUISE SLATTERY, Deceased,

                            Plaintiff,               Case No. 13-cv-1058-JAR-DJW

v.

ANURAG MISHRA, M.D.,

                            Defendant.

## MEMORANDUM AND ORDER

The Court has before it the Motion to Quash or Modify Subpoena (ECF No. 36) filed by Western Plains Regional Hospital, LLC ("Western Plains"). Third party Western Plains requests an order quashing or modifying Plaintiff's subpoena under Fed. R. Civ. P. 45(c)(3) on the grounds it seeks the disclosure of material protected from disclosure under the Kansas statutory peer review and risk management privileges. For the reasons discussed below, the motion is granted in part and denied in part.

## I.      Nature of the Matter before the Court

Plaintiff, as administrator of the estate of Donna Louise Slattery ("decedent") and as her representative heir at law, brings this medical malpractice action based on Kansas law against Defendant Anurag Mishra, M.D. Federal jurisdiction is based on diversity of citizenship and amount in controversy. Plaintiff alleges that from May 20, 2011 to May 23, 2011, Dr. Mishra was negligent in his care and treatment of Ms. Slattery at Western Plains, resulting in her death. In June 2013, Plaintiff issued a subpoena to Western Plains commanding the production of 21 categories of documents. On July 22, 2013, Western Plains served its response to the subpoena,

objecting to several requests as overly broad. Western Plains also served a privilege log, as it withheld production of several documents as privileged under Kansas's peer review and risk management statutes. On July 23, 2013, Western Plains filed the instant motion, asserting that Request Nos. 4–8, 10–16, 18, and 21 of the subpoena seek documents that are either beyond the scope of discovery or subject to Kansas statutory peer review and risk management privilege, or both, and requesting that the subpoena be quashed or modified under Fed. R. Civ. P. 45(c). Plaintiff opposes the motion.

## II.     Peer Review and Risk Management Privileges

Western Plains objects that Plaintiff's Subpoena Request Nos. 4–8 and 10–15 seek documents that are privileged under Kansas's peer review and/or risk management privileges. As a result, in its response to the subpoena, Western Plains produced a privilege log, in which it asserts the specific privileges—with specific citations to the applicable subsections of each statute—for each document withheld from production under either the peer review and/or risk management privileges. Western Plains asserts that documents identified on its privilege log are completely protected from discovery and not subject to subpoena.

Plaintiff argues that the Court should look to the Federal Rules of Civil Procedure and federal case law with respect to the asserted privileges. He also argues that overriding constitutional due process considerations, recognized in Kansas Supreme Court's 1998 decision in *Adams v. St. Francis Regional Medical Center*,[1] make the underlying facts considered by peer review officers or committees discoverable. Plaintiff posits that the "opinions, impressions and deliberations about the facts" are privileged, but not the facts themselves.

_____

[1] 264 Kan. 144, 158, 955 P.2d 1169, 1178–79 (1998).

## A.     Applicable Law

Federal Rule of Civil Procedure 45 governs subpoenas.  Under Rule 45(c)(3)(A)(iii), the court must, upon timely motion, quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  The party seeking to quash or modify the subpoena has the burden to show good cause for these remedies.[2] Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Accordingly, the law of Kansas regarding privileges is applicable.

Kansas has adopted a peer review privilege, as set forth in K.S.A. 65-4915(b).  This statute creates a privilege for materials submitted to or generated by health care provider peer review committees or officers. It provides, in pertinent part:

> the reports, statements, memoranda, proceedings, findings and other records submitted to or generated by peer review committees or officers shall be privileged and shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity or be admissible in evidence in any judicial or administrative proceeding.[3]

This privilege may be claimed by the legal entity creating the peer review committee.[4]  A peer review officer or committee includes "[a]n individual employed, designated or appointed by, or a committee of or employed, designated or appointed by, a health care provider group and authorized to perform peer review."[5]  A health care provider group includes "an organized medical staff of a licensed medical care facility"[6] or a health care provider[7] as defined under

---

[2] *Flint Hills Scientific, LLC v. Davidchack*, No. 00-2334-KHV-DJW, 2001 WL 1717902, at *1 (D. Kan. Nov. 9, 2001) (*citing Sentry Ins. v. Shivers*, 165 F.R.D. 255, 256 (D. Kan. 1996)).

[3] K.S.A. 69-4915(b).

[4] *Id.*

[5] K.S.A. 69-4915(a)(4)(A).

[6] K.S.A. 65-4915(a)(2)(E).

K.S.A. 40-3401.[8]  "Peer review" is defined under K.S.A. 65-4915(a)(3) to mean any of following twelve functions:

> (A) Evaluate and improve the quality of health care services rendered by health care providers;
> (B) determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care;
> (C) determine that the cost of health care rendered was considered reasonable by the providers of professional health services in this area;
> (D) evaluate the qualifications, competence and performance of the providers of health care or to act upon matters relating to the discipline of any individual provider of health care;
> (E) reduce morbidity or mortality;
> (F) establish and enforce guidelines designed to keep within reasonable bounds the cost of health care;
> (G) conduct of research;
> (H) determine if a hospital's facilities are being properly utilized;
> (I) supervise, discipline, admit, determine privileges or control members of a hospital's medical staff;
> (J) review the professional qualifications or activities of health care providers;
> (K) evaluate the quantity, quality and timeliness of health care services rendered to patients in the facility;
> (L) evaluate, review or improve methods, procedures or treatments being utilized by the medical care facility or by health care providers in a facility rendering health care.[9]

K.S.A. 65-4915(b) was amended in 1997. The previous version, which read "the reports, statements, memoranda, proceedings, findings and other records *of* peer review committees or officers"[10] was amended to read "the reports, statements, memoranda, proceedings, findings and other records *submitted to or generated by* peer review committees or officers."[11]

---

[7] K.S.A. 65-4915(a)(2)(F).

[8] K.S.A. 65-4915(a)(1)(A).

[9] K.S.A. 65-4915(a)(3).

[10] K.S.A. 65-4915(b) (1996) (amended 1997).

[11] K.S.A. 65-4915(b) (emphasis added).

Kansas has also created a risk management privilege, as set out in K.S.A. 65-4925(a). It provides that "(t)he reports and records made pursuant to K.S.A. 65-4923 or 65-4924, and amendments thereto, shall be confidential and privileged."  This includes the following:

(1) Reports and records of executive or review committees of medical care facilities or of a professional society or organization;
(2) reports and records of the chief of the medical staff, chief administrative officer or risk manager of a medical care facility;
(3) reports and records of any state licensing agency or impaired provider committee of a professional society or organization; and
(4) reports made pursuant to this act to or by a medical care facility risk manager, any committee, the board of directors, administrative officer or any consultant.[12]

K.S.A. 65-4925(a) further provides that "[s]uch reports and records shall not be subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity and shall not be admissible in any civil or administrative action other than a disciplinary proceeding by the appropriate state licensing agency."[13]

K.S.A. 65-4922(a) requires each medical care facility to establish and maintain an internal risk management program. K.S.A. 65-4923(a) requires health care providers and medical care facility agents or employees to report "reportable incidents" where a health care provider provides substandard care which has a reasonable probability of causing injury to a patient.[14]

## B.    Plaintiff's Challenges to Specific Documents Identified on the Privilege Log

Plaintiff challenges the assertion of peer review and/or risk management privileges by Western Plains for specific documents withheld from production and identified in its privilege log.  Specifically, he challenges the privileges asserted to documents identified by the following privilege log entries:  1a, 1c, 1d, 2a–c, 2f–h, 3, 4b, 5–6, 10a, 10c–h, 10*l*–p, 11–15, 17–23, 25–26,

---

[12] K.S.A. 65-4925(a).

[13] *Id.*

[14] K.S.A. 65-4921(f) (defining "reportable incident").

and 29.[15]  For the majority of the documents, Plaintiff's position is that the claimed privileged document contains facts that are relevant and discoverable, or the claimed privilege is not applicable to the documents under the statutes.

The Kansas statute protecting peer review materials, K.S.A. 65-4915(b), broadly protects from "discovery, *subpoena* or other means of legal compulsion" the following materials: "[R]eports, statements, memoranda, proceedings, findings and other records submitted to or generated by peer review committees or officers."[16]  The Kansas statute protecting risk management materials set forth in K.S.A. 65-4925(a) likewise broadly protects from "discovery, *subpoena* or other means of legal compulsion" reports and records of executive or review committees of medical care facilities; reports and records of the chief of the medical staff, chief administrative officer or risk manager of a medical care facility; and reports made by a medical care facility risk manager, any committee, the board of directors, administrative officer or any consultant.[17]

The Court has reviewed the privilege log prepared by Western Plains, as well as Plaintiff's position on each challenged document listed on the log.  Based upon its review, the Court finds that given the very broad scope of the materials included within K.S.A. 65-4915(b) and 65-4925(a), Western Plains has established that all of the documents challenged by Plaintiff are protected from disclosure under either the peer review or risk management privilege.

Notwithstanding the Court's finding that all the documents are within the scope of either the peer review or risk management privilege, the privileges are subject to constitutional due

---

[15]  For the other 18 privilege log entries, Plaintiff either offers no opposition to withholding the document or "does not oppose non-production."  See Pl.'s Resp. (ECF No. 40) at 15–45.

[16]  K.S.A. 65-4915(b) (emphasis added).

[17]  K.S.A. 65-4925(a) (emphasis added).

process limitations, as recognized by the Kansas Supreme Court in its *Adams v. St. Francis Regional Medical Center*[18] decision. Plaintiff argues that the Court should find that the underlying facts considered by peer review officers or committees that are contained the privileged documents are discoverable. He asserts that while the "opinions, impressions and deliberations about the facts" are privileged, the facts themselves are not privileged and subject to discovery.

In *Adams*, the court weighed the peer review privilege against the plaintiffs' rights to due process and the judicial need for the fair administration of justice.[19] It found that allowing the defendant hospital to insulate from discovery "the facts and information which go to the heart of the plaintiffs' claim" denied the plaintiffs that right and would "raise significant constitutional implications."[20] It concluded that "although the interest in creating a statutory peer review privilege is strong, it is outweighed by the fundamental right of the plaintiffs to have access to all the relevant facts."[21] It found that the district court has a duty to conduct an *in camera* inspection and craft a protective order which will permit the plaintiffs access to the relevant facts.[22] It commented that the court can then "simply redact that which is protected and grant plaintiffs access to the portions containing the relevant fact."[23] The *Adams* court found that forms and documents containing factual accounts and witnesses' names were not protected simply because they also contained the officers' or committee's conclusions or decision-making process.[24]

---

[18] 264 Kan. 144, 158, 955 P.2d 1169, 1178–79 (1998).

[19] *Id.* at 173, 955 P.2d at 1187.

[20] *Id.*

[21] *Id.*

[22] *Id.* at 174, 955 P.2d at 1188.

[23] *Id.*

[24] *Id.*

In this case, Plaintiff has not shown that the facts and information he seeks that are allegedly contained in the documents withheld by third-party Western Plains under the peer review and risk management privileges "go to the heart of his claim" or that he has no other reasonable means to discover these facts and information so as to raise constitutional implications. The Court therefore declines to conduct an *in camera* review of all the privileged documents challenged by Plaintiff.

Western Plains has established that all of the documents identified on its privilege log and which were challenged by Plaintiff are protected from disclosure under either the peer review or risk management privilege. As Plaintiff's subpoena includes requests that seek these privileged documents, Plaintiff's subpoena should be quashed under Fed. R. Civ. P. 45(c)(3)(A)(iii) to the extent it requires the production of documents protected from discovery under the peer review or risk management privileges.

III.    **Western Plains's Overly Broad and Relevance Objections to the Subpoena Requests**

Western Plains also asserts overly broad and relevance objections to Subpoena Request Nos. 4–8, 10–16, 18, and 21. It argues the Requests are overly broad because they seek documents beyond the scope of discovery that are not relevant to any of Plaintiff's claims in this action. Plaintiff argues that Western Plains cannot rely on its generalized overly broad and relevance objections and has not met its burden of supporting its objections by showing specifically how each request is overly broad or seeks irrelevant documents.

While irrelevance and overbreadth are not explicitly included as reasons to quash a subpoena under Rule 45(c)(3)(A), the advisory notes clearly indicate that "the scope of discovery

through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."[25] This includes Fed. R. Civ. P. 26(b), which allows parties to seek discovery of any nonprivileged information relevant to any party's claims or defenses.[26] Relevance is construed broadly; "request[s] for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[27]

Western Plains asserts that Subpoena Request Nos. 4–8, 10–16, 18 and 21 seek documents beyond the proper scope of discovery. More specifically, it argues that Request Nos. 4 and 5 seeking documents in Defendant's staff privileges, credentialing, or hospital files addressing care provided to other patients is not relevant. For Request No. 12, Western Plains argues that the request is overbroad in that it seeks factual statements that are not limited to the decedent's care but would include statement concerning care provided to other patients. Finally, Western Plains argues that Request No. 16 and 18, which respectively seek core documents setting out "title and position description" of the risk manager for Western Plains and the "position description" for an attending nurse, seek documents not relevant to the claims or defenses in the case. It objects to producing a "full job description" for its risk manager. It also objects that the nurse's position description is not relevant to Plaintiff's negligence claim against Defendant, and Plaintiff can obtain this information without having her position description.

Here, the Court finds that Western Plains makes no argument in support of its overly broad or relevance objections to Subpoena Request Nos. 6–8, 10–11, 13–16, and 21 in its

---

[25] Fed. R. Civ. P. 45 advisory committee's note (1970 Am.); *accord Booth v. Davis*, No. 10-4010-RDR-KGS, 2010 WL 2008284, at *6 (D. Kan. May 23, 2011) (*citing Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[26] Fed. R. Civ. P. 26(b)(1).

[27] *Booth*, 2010 WL 2008284, at *6 (*quoting Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001)).

motion. The Court therefore finds that Western Plains fails to meet its burden with respect to its objections to these Requests. For the Requests that it did address in its motion, i.e., Request Nos. 4, 5, 12, 16, and 18, the Court finds that Western Plains has not met its burden to show that these Requests are overly broad and seek documents that are not relevant to any claim or defenses of any party. Construing relevance broadly, the Court finds that documents relating to Defendant's care provided to other patients arguably could be relevant to Plaintiff's medical negligence claims in this case. Western Plains's overly broad and relevance objections to Subpoena Request Nos. 4, 5, and 12 are therefore overruled.

With respect to Plaintiff's Request Nos. 16 and 18, which seek the risk manager's title and position description and an attending nurse's position description in May 2011, the Court finds that these Requests seek relevant information. Plaintiff points out in his response that the medical records note that the risk manager was called by the house supervisor, who explained the decedent patient's condition and situation. Plaintiff alleges that the attending nurse was present when the decedent became unstable. Thus the nurse's position, training, education, and background are relevant to her being the eyes and ears of the physician at the bedside. The overly broad and relevance objections to Subpoena Request Nos. 16 and 18 are therefore overruled. As Western Plains only asserted overly broad and relevance objections to subpoena Requests 16 and 18, and did not assert any objections based upon privilege, Western Plains shall produce documents responsive to Subpoena Requests 16 and 18 within 14 days of the date of this Memorandum and Order.

**IT IS THEREFORE ORDERED** that Western Plains Regional Hospital, LLC's Motion to Quash or Modify Subpoena (ECF No. 36) is granted in part and denied in part. Western Plains has established that all of the challenged documents identified on its privilege log are

protected from disclosure under either the peer review or risk management privilege. The motion is therefore granted and the June 2013 subpoena served by Plaintiff upon Western Plains quashed to the extent that the subpoena seeks production of documents subject to the peer review and risk management privileges under Kansas law.

The motion is denied as to Western Plains's overly broad and relevance objections to producing documents responsive to Subpoena Request Nos. 16 and 18. Western Plains shall produce documents responsive to Subpoena Request Nos. 16 and 18 within **14 days of the date of this Memorandum and Order.**

**IT IS FURTHER ORDERED** that the request by Western Plains for oral argument on its motion is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 31st day of March, 2014.

<u>s/ David J. Waxse</u>
David J. Waxse
United States Magistrate Judge